IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BLAKE JONES**                                                                    **PLAINTIFF**

V.                                    **CASE NO. 5:20-CV-5120**

**JOHN BALDWIN, d/b/a**
**Two Men and a Truck, Bentonville, AR**                                          **DEFENDANT**

## OPINION AND ORDER

Currently before the Court are Defendant John Baldwin's Motion to Dismiss (Doc. 11) and Brief in Support (Doc. 12) and *pro se* Plaintiff Blake Jones's Response in Opposition (Doc. 13). Today the Court held a hearing on the Motion and allowed the parties the opportunity to present oral argument. At the close of oral argument, the Court **GRANTED** the Motion from the bench but stated that Mr. Jones would be afforded ten days to attempt to correct the deficiencies in the Complaint and file a motion for leave to file an amended complaint. The following Opinion memorializes the bases for the Court's decision.

Mr. Jones filed a Complaint (Doc. 1) on July 13, 2020, containing two causes of action. The first is a claim for failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA"). The second is a claim for wrongful termination, though it is not clear from the face of the Complaint the legal basis for this claim. Mr. Jones names as Defendant "JOHN BALDWIN dba TWO MEN AND A TRUCK, BENTONVILLE." *Id.* at p. 1. At the same time, the Complaint identifies the "Defendant" as "a for profit corporation registered to do business in the State of Arkansas." *Id.* Therefore it appears that Mr. Jones may have intended to sue the corporation Two Men and a Truck, but instead he

1

sued an individual named John Baldwin (who is likely associated with or employed by Two Men and a Truck).

Count I, the FLSA overtime claim, is deficient in that it fails to state a plausible claim against Mr. Baldwin. The factual allegations identify Two Men and a Truck, and not Mr. Baldwin, as Mr. Jones's "employer" for FLSA purposes. To survive a motion to dismiss, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though the Court recognizes that "[a] *pro se* complaint must be liberally construed," *Topchian v. JPMorgan Chase Bank*, 760 F.3d 843, 849 (8th Cir. 2014), at the same time the Court cannot simply "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). Count I does not adequately explain how Mr. Baldwin is liable to Mr. Jones, and for that reason the claim is subject to dismissal.

As for Count II, the Complaint is deficient in that it fails to explain why Mr. Jones was terminated or why such termination was contrary to law.[1] Accordingly, Count II is also subject to dismissal under Rule 12(b)(6) for failure to state a claim.

---

[1] An inference may be made from the Complaint that the reason why Mr. Jones believes he was terminated was either because he brought a Workers' Compensation claim and his employer did not wish to pay it, or because his employer retaliated against him for bringing a Workers' Compensation claim. The Court notes that it would likely lack subject matter jurisdiction to hear either claim, even if well pleaded. Under Ark. Code Ann § 11-9-105(a), the exclusive remedy available to an employee who is injured during the course and within the scope of his employment is to file a Workers' Compensation claim. In

2

Finally, the Complaint is subject to dismissal under Rule 12(b)(5) due to insufficient service of process. Mr. Baldwin is an individual, but he was not served according to the requirements of Rule 4(e)(2). This Rule requires that service on an individual be made by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)–(C). Here, the affidavit of service reflects that the Summons and Complaint were delivered to a business address, 1500 Phyllis Street, Bentonville, AR; and the individual who was served there was "Jacob Ladue (General Manager)." (Doc. 10). Mr. Baldwin was not personally served; service was not attempted at his dwelling; documents were not delivered to someone else who resides at Mr. Baldwin's dwelling; and Mr. Baldwin denies that Mr. Ladue is an agent authorized to receive service of process on his behalf.

For all these reasons, **IT IS ORDERED** that the Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE** under Rules 12(b)(5) and (6).

**IT IS FURTHER ORDERED** that the Clerk of Court keep the record open for the purpose of allowing Plaintiff, if he so desires, to file a motion for leave to amend complaint within ten days of the date of this Order, or by no later than **November 6, 2020**. The proposed amended complaint should be attached to the motion as an exhibit. If Plaintiff

---

addition, an allegation of retaliatory discharge due to the filing of a Workers' Compensation claim must be brought before the Arkansas Workers' Compensation Commission. See Ark. Code Ann. § 11-9-107.

files this motion by the deadline, the defendant will be afforded an opportunity to respond, if desired, within fourteen days.

    **IT IS SO ORDERED** on this 28th day of October, 2020.

                                            TIMOTHY L. BROOKS
                                            UNITED STATES DISTRICT JUDGE