IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BLAKE JONES**                                                                                           **PLAINTIFF**

V.                                         **CASE NO. 5:20-CV-5120**

**JOHN BALDWIN, d/b/a**
Two Men and a Truck, Bentonville, AR                                           **DEFENDANT**

## ORDER

Now before the Court is *pro se* Plaintiff Blake Jones's Motion for Sanctions made pursuant to Federal Rule of Civil Procedure 30(d)(2). (Doc. 39). Mr. Jones contends that his deposition of Defendant John Baldwin was impeded or frustrated by Mr. Baldwin's counsel. Mr. Jones claims that counsel "continually objected and interjected hundreds of times, was argumentative . . . . [and] instructed the witness not to answer non privileged questions during the deposition." *Id.* at p. 2. Mr. Jones believes that counsel's conduct was so egregious that a second deposition of Mr. Baldwin is warranted and should be ordered by the Court. Mr. Baldwin filed a Response in Opposition to the Motion (Doc. 42) arguing that the Motion is without merit and that all fees and costs Mr. Baldwin's counsel incurred in responding to the Motion should be reimbursed by Mr. Jones.

According to the Court's Case Management Order (Doc. 24), discovery disputes such as the instant one should be submitted to the Court prior to the close of discovery. However, it appears that in this case, the parties agreed to conduct discovery well past the Court's formal deadline—which the Case Management Order explicitly permits. The Motion for Sanctions concerns the deposition of the Defendant, which the parties had agreed would occur after the discovery deadline. Under these circumstances, the Court

1

prefers to take up the Motion for Sanctions on the merits rather than deny it for untimeliness.

In evaluating the merits of the Motion, the Court reviewed the 131-page deposition transcript.  *See* Doc. 39-2.  The deposition lasted approximately three-and-a-half hours.  Mr. Baldwin's counsel made several objections throughout the deposition, but most of them pertained to the form of the question.  Mr. Jones was undeterred by this type of objection and clearly understood that it was his right to ask questions and Mr. Baldwin's duty to answer—even if Mr. Baldwin's counsel had previously objected.  In certain instances, counsel objected that a particular question had been "asked and answered" or "called for speculation."  Again, these objections did not stop Mr. Jones from receiving answers to his questions.  In most cases, counsel would specifically instruct his client to answer the question after objecting.  On a few occasions, counsel interrupted Mr. Jones to ask for clarification or to state that he did not understand the question.  Counsel also interrupted Mr. Jones to clean up the record, mainly by asking Mr. Jones to specify which exhibit he was referring to when asking a particular question.  Finally, the Court notes that at one point in the deposition, counsel specifically instructed his client not to answer a question because it called for a legal conclusion, and it does not appear that Mr. Baldwin ever answered that question.  *See id.* at p. 64.  To the extent counsel's instruction to his client was erroneous, the error was harmless since the question did, in fact, call for a legal conclusion and was also argumentative.

In sum, the Court finds that Mr. Jones had a full and fair opportunity to depose Mr. Baldwin and that counsel for Mr. Baldwin conducted himself professionally and in

accordance with the Federal Rules.  **IT IS THEREFORE ORDERED** that the Motion for Sanctions (Doc. 39) is **DENIED**.

    **IT IS FURTHER ORDERED** that Mr. Baldwin's request for reimbursement of attorney's fees and costs associated with responding to the Motion is also **DENIED**.

    **IT IS SO ORDERED** on this 26th day of July, 2021.

                                                          _____  
                                                         TIMOTHY L. BROOKS  
                                                         UNITED STATES DISTRICT JUDGE